IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| GREG MCGUIRE and KATHERINE MCGUIRE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFICORP, an Oregon corporation; VERIZON COMMUNICATIONS INC., a Minnesota corporation,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(INJUNCTIVE AND EQUITABLE RELIEF)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Fee Authority: ORS 21.135(1), (2)(a)<br><br>JURY TRIAL DEMANDED |

## FACTS

1. Greg and Katherine McGuire by their undersigned counsel, individually and on behalf of a class of all others similarly situated, allege the following upon personal knowledge as to their own acts, and upon information and belief as to all other matters based upon an investigation by counsel.

2. PacifiCorp is a multibillion-dollar electrical utility owned by investors and controlled by Berkshire Hathaway. One way PacifiCorp makes money is by selling Verizon access to PacifiCorp's fiber optic wires in Oregon.

3. The wires are located on land in Oregon owned by Plaintiffs and the class. They run for hundreds of miles from the California border through the Willamette Valley.

4. PacifiCorp concealed from Plaintiffs and the class that it was obtaining revenue and profit by selling, leasing, or otherwise allowing Verizon to use its fiber optic wires. Verizon concealed from Plaintiffs and the class that it was using the wires.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

5. Where PacifiCorp had an easement, its rights did not include leasing or otherwise selling access to the fiber optic wires.

6. Verizon had no easement or other right to enter or use Plaintiffs and class members' properties in connection with PacifiCorp's fiber optic wires.

7. PacifiCorp and Verizon increased the burdens on and use of Plaintiffs' and class members' properties by entering them, causing equipment to be installed on them, doing construction and maintenance on them, and causing other burdens on the land. PacifiCorp and Verizon did not pay Plaintiffs and class members for the increased burden and use.

8. Without the use of the properties, PacifiCorp and Verizon would have been unable to obtain revenue and profit from leasing, accessing, and using the fiber optic wires. They would have had to spend millions of dollars to purchase property rights and condemn land for the fiber optic wires. They avoided the expenses and were able to more quickly obtain revenue and profit from the fiber optic wires through the misconduct alleged in this Complaint.

9. PacifiCorp has an active and continuous relationship with Plaintiffs and the class because it owns and operates fiber optic wires and related equipment on their properties. PacifiCorp owes Plaintiffs and the class duties to limit its use of their land to activities permitted by PacifiCorp's easements and to not violate their property rights.

10. Verizon owed Plaintiffs and the class a duty to not violate their property rights.

11. PacifiCorp and Verizon violated Plaintiffs' and the class's rights by trespassing, concealing their activities, unjustly enriching themselves, and failing to pay for a lawful right to access and use the land.

12. Plaintiffs and the class are owed prejudgment interest as provided in ORS 82.010 and the common law. PacifiCorp and Verizon owed Plaintiffs and the class damages and prejudgment interest, beginning on the date that they began violating their rights and continuing each day since then until paid.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

13. The amount owed, and prejudgment interest on the amount owed, are ascertainable.

14. PacifiCorp and Verizon are jointly and severally liable.

15. Plaintiffs served an ORCP 32 H letter on Defendants the same day they filed this complaint. Plaintiffs intend to amend this complaint to allege claims for damages.

## PARTIES

16. Defendant PacifiCorp is an Oregon corporation. Its principal place of business and corporate headquarters are at 825 NE Multnomah St, Portland, OR 97232.

17. PacifiCorp is highly profitable. Between 2015 and 2019, for example, PacifiCorp paid more than $3 billion in dividends to its out-of-state owners.

18. Defendant Verizon Communications, Inc. ("Verizon") is a Minnesota corporation.

19. PacifiCorp and Verizon are referred to collectively as "Defendants."

20. Plaintiffs Greg and Katherine McGuire (collectively, "Plaintiffs") are residents of Josephine County, Oregon and own real property there. Defendants' fiber optic wires are located on Plaintiffs' property.

21. Plaintiffs bring this action pursuant to ORCP 32 individually and on behalf of those similarly situated.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the parties and this case. Plaintiffs are citizens and residents of Oregon. PacifiCorp is an Oregon corporation engaged in regular, sustained business in Multnomah County. PacifiCorp maintains its principal place of business in Multnomah County.

23. PacifiCorp's activities relating to its fiber optic wires are run out of its headquarters in Portland's Lloyd District. PacifiCorp has common practices, policies, and procedures relating to its fiber optic wires in Oregon.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

24. Verizon also has common practices, policies, and procedures relating to its leasing and use of PacifiCorp's fiber optic wires in Oregon. Verizon is registered with the Oregon Secretary of State to do business in Oregon and is engaged in regular, sustained business in Multnomah County.

25. Substantial acts in furtherance of the misconduct occurred in Multnomah County.

26. Venue is proper in Multnomah County under ORS 14.080(1) and (2).

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action as a representative party pursuant to ORCP 32 on behalf of a class initially defined as: All persons and entities who own or owned real property in Oregon on which PacifiCorp allowed Verizon to use a PacifiCorp fiber optic wire.

28. Excluded from the class are PacifiCorp, Verizon, any entity in which PacifiCorp or Verizon has a controlling interest or that has a controlling interest in (or is under common control with) PacifiCorp or Verizon, and PacifiCorp and Verizon's legal representatives, assignees, and successors.

29. The class is so numerous, consisting of more than 100 members, that joinder of all members is impracticable.

30. There are numerous questions of fact and law common to Plaintiffs and the class. They include, but are not limited to, the following:

a. Whether fiber optic wires owned, operated, controlled, or managed by PacifiCorp are on land owned by class members;

b. Whether PacifiCorp sold, leased, or otherwise gave Verizon or others access to the fiber optic wires;

c. Whether using, selling, leasing, or giving third parties access to the fiber optic wires violated class members' rights;



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

d. Whether PacifiCorp or Verizon obtained revenue or profit from using, selling, leasing, or otherwise giving third parties access to the fiber optic wires, and the amount of revenue or profit generated;

e. Whether PacifiCorp or Verizon trespassed on class members' properties;

f. Whether PacifiCorp or Verizon interfered with, continued to interfere, or caused or continue to cause interference with class members' enjoyment of their lives and property, and whether that interference was or is objectively substantial and unreasonable;

g. Whether PacifiCorp or Verizon has a right to use Plaintiffs and class members' properties in the ways alleged;

h. Whether PacifiCorp or Verizon had common policies, practices, or procedures relating to the installation, maintenance, use, sale, or lease of the fiber optic wires;

i. Whether class members are entitled to injunctive relief or other equitable relief, and, if so, the methodology for determining such relief.

31. PacifiCorp and Verizon engaged in a common course of conduct toward Plaintiffs and the class. The common issues arising from this conduct predominate over any individual issues. Adjudicating these common issues in a single action has important and desirable advantages of judicial economy.

32. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' claims and the claims of the class arise out of the same course of conduct by PacifiCorp and Verizon and are based on the same legal, equitable, and remedial theories.

33. Plaintiffs fairly and adequately protect the interests of the class. Plaintiffs' claims are typical of claims of all class members. Plaintiffs have retained competent and capable attorneys with experience in complex and class action litigation. Plaintiffs and their counsel are



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Common questions of law and fact predominate over any individual questions. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. Individual members of the class will have little to no interest in controlling the litigation due to the high costs of individual actions and the expense and difficulty of litigating against sophisticated parties. There will be no significant difficulty in the management of this case as a class action.

35. The Multnomah County Circuit Court is experienced in managing class action litigation and is a desirable forum because PacifiCorp is headquartered here, witnesses are located here, and PacifiCorp and Verizon conduct significant business in Multnomah County.

36. Plaintiffs and the class have suffered damages and are continuing to suffer damages. Pursuant to ORCP 32 H, on July 31, 2024, 2024, Plaintiffs provided notice and demand to PacifiCorp and Verizon of claims for damages.

37. Plaintiffs and the class seek their reasonable attorney fees, costs, disbursements, pre and post-judgment interest, expert witness fees, and investigation costs pursuant to ORCP 32, ORS 82.010, and the Court's inherent and equitable power.

38. Plaintiffs reserve the right to amend the complaint to seek punitive damages on behalf of themselves and the class.

## <u>CAUSES OF ACTION</u>

## FIRST CAUSE OF ACTION

### (Unjust Enrichment)

39. Plaintiffs restate and incorporate the allegations above as if fully stated herein.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

40. Defendants were unjustly enriched by their wrongful conduct alleged in this Complaint at the expense and to the detriment of Plaintiffs and the class.

41. Defendants were aware that they received the benefit of their wrongfully obtained revenue and profit.

42. It would be inequitable and unconscionable for Defendants to enjoy the benefit of their wrongful conduct.

43. Defendants owe restitution and should be required to disgorge the revenue and profit they generated from the wrongful conduct alleged in this Complaint to Plaintiffs and the class.

44. As a direct and proximate result of the foregoing conduct of Defendants, Plaintiffs and the class have suffered damages in excess of $200,000,000.00.

**SECOND CAUSE OF ACTION**

**(Trespass)**

45. Plaintiffs restate and incorporate the allegations above as if fully stated herein.

46. Defendants were negligent, reckless, or acted intentionally in entering, damaging, intruding, remaining on, or otherwise trespassing on Plaintiffs and class members' real property.

47. The entering, damaging, intruding, remaining on, or otherwise trespassing was not authorized. Plaintiffs and the class did not consent.

48. The property was in the exclusive possession and control of Plaintiffs and class members.

49. Defendants knew that a trespass would result from their actions and omissions. Defendants' actions in setting in motion the unauthorized entry and trespass were done knowing that a trespass would result. A trespass occurred as a result of those actions.

50. As a direct and proximate result of the foregoing conduct of Defendants, Plaintiffs and the class have suffered damages in excess of $200,000,000.00.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

**THIRD CAUSE OF ACTION**

**(Breach of Contract – Against PacifiCorp Only)**

51. Plaintiffs restate and incorporate the allegations above as if fully stated herein.

52. In the alternative, PacifiCorp has an easement with Plaintiffs and the class that allows PacifiCorp to transmit electricity across their property. The easement, however, does not allow PacifiCorp to sell, lease, or otherwise give third parties access to fiber optic wires on the properties.

53. The easement is a valid and enforceable contract, supported by due consideration. Plaintiffs and class members have fully performed, complied with, and/or satisfied all obligations, terms, and conditions of their contractual relationship with PacifiCorp.

54. PacifiCorp materially breached the contract by selling, leasing, or otherwise allowing Verizon or other third parties to use Plaintiffs and class members' properties in connection with the fiber optic wires.

55. PacifiCorp also materially breached the contract by causing increased use of the easement and Plaintiffs and class members' properties by allowing Verizon to enter and access the properties and use the fiber optic wires on them.

56. Plaintiffs and the class have been and will continue to be harmed as a direct and proximate result of PacifiCorp's breach of the contract.

57. As a direct and proximate result of the foregoing conduct of Defendants, Plaintiffs and the class have suffered damages in excess of $200,000,000.00.

**FOURTH CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – Against PacifiCorp Only)**

58. Plaintiffs restate and incorporate the allegations above as if fully stated herein.

59. The implied covenant of good faith and fair dealing is incorporated by law into the easement, which is the contract. The implied covenant required PacifiCorp to exercise good



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

faith and fair dealing in connection with the its performance under the contract and to act in a manner consistent with the parties' expectations.

60. Plaintiffs had an objectively reasonable expectation that PacifiCorp would not generate profit and revenue for itself by breaching the contract.

61. PacifiCorp breached the implied covenant of good faith and fair dealing in the contract by: (a) selling, leasing, or otherwise allowing Verizon or other third parties to use the fiber optic wires and Plaintiffs property; (b) concealing its unlawful practices described in this Complaint; (c) obtaining revenue and profit from its unlawful practices described in this Complaint; and (d) not compensating Plaintiffs to use their property to obtain revenue and profit from the fiber optic wires.

62. Plaintiffs have the right to recover any and all amounts that have enriched PacifiCorp from their wrongful conduct in an amount to be proven at trial.

63. As a direct and proximate result of the foregoing conduct of Defendants, Plaintiffs and the class have suffered damages in excess of $200,000,000.00.

## FIFTH CAUSE OF ACTION

## (Injunction and Equitable Relief)

64. Plaintiffs restate and incorporate the allegations above as if fully stated herein.

65. Defendants should be enjoined from engaging in the unlawful practices described in this Complaint.

66. Defendants should pay restitution and disgorge the amount of their revenue and profit that were generated by the unlawful practices described herein.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs and the class are entitled to injunctive relief, equitable relief, and attorneys' fees.



STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
TEL. (206) 623-1900 FAX (206) 623-3384

WHEREFORE; Plaintiffs ask the Court to enter the following judgment:

A. An order certifying the class pursuant to ORCP 32, certifying Plaintiffs as class representatives, and designating their counsel as class counsel;

B. Declaring that Defendants have committed the violations alleged;

C. Granting restitution and disgorgement to Plaintiffs and the Class;

D. Granting declaratory and injunctive relief to enjoin Defendants from engaging in the unlawful practices described in this Complaint;

D. Granting prejudgment interest;

E. Granting post-judgment interest;

F. Granting an award of reasonable attorney fees, costs, investigation costs, disbursements, and expert witness fees pursuant to ORCP 32, ORS 20.085, and the Court's inherent and equitable power to award attorney fees; and

H. Such other relief as the Court may deem appropriate.

Dated this 31st day of July, 2024.

STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.

By: s/Timothy S. DeJong
**Timothy S. DeJong**, OSB No. 940662
**Cody Berne**, OSB No. 142797
**Emily Johnson**, OSB No. 183791

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Email: tdejong@stollberne.com
cberne@stollberne.com
ejohnson@stollberne.com

-AND-

**Daniel Mensher**, OSB No. 074636
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: dmensher@kellerrohrback.com

-AND-

**Matthew J. Preusch**, OSB No. 134610
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (206) 623-3384
Email: mpreusch@kellerrohrback.com

Attorneys for Plaintiffs

Trial Attorney: Timothy S. DeJong