**Dallas DeLuca, OSB #072992**
DallasDeLuca@MarkowitzHerbold.com
**Jeffrey S. Lovinger, OSB #960147**
JeffreyLovinger@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Attorneys for Defendant PacifiCorp*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GREG MCGUIRE and KATHERINE MCGUIRE, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>PACIFICORP, an Oregon corporation; VERIZON COMMUNICATIONS INC., a Minnesota corporation,<br><br>                              Defendants. | Case No. 3:24-cv-01507-IM<br><br>**DEFENDANT PACIFICORP'S ANSWER, DEFENSES, AND COUNTERCLAIM** |

Except as specifically admitted below, defendant PacifiCorp denies each and every allegation of plaintiffs' Class Action Complaint.  Many allegations in plaintiffs' Class Action Complaint refer to defendants PacifiCorp and Verizon Communications, Inc. collectively as "Defendants," without distinguishing between the two entities' conduct.  PacifiCorp's answers to plaintiffs' allegations relate only to PacifiCorp, and PacifiCorp answers only allegations directed toward PacifiCorp.  PacifiCorp further answers as follows:

Page 1 –    DEFENDANT PACIFICORP'S ANSWER, DEFENSES, AND
            COUNTERCLAIM

## ANSWER

1. Paragraph 1 does not contain allegations directed toward PacifiCorp and therefore no response is required. If a response is required, PacifiCorp denies the existence of any putative class and denies that plaintiffs and any member of the alleged putative class are entitled to any of the relief sought in the Complaint.

2. The phrase "multibillion-dollar electrical utility" is vague because PacifiCorp does not know what element of PacifiCorp's financials plaintiffs are referring to, so PacifiCorp denies the allegations in the first sentence of paragraph 2. PacifiCorp admits that it receives money by leasing to Verizon access to PacifiCorp's fiber optic wires in Oregon, but the term "makes money" is vague and PacifiCorp otherwise denies the allegations in sentence two of paragraph 2. PacifiCorp admits that it is a subsidiary of Berkshire Hathaway Energy, and that it leased access to certain fiber optics wires to MCI Telecommunications Corporation in or about 1991, and that a certain Verizon entity or subsidiary is a successor in interest to that contract.

3. PacifiCorp admits that in or about 1991, PacifiCorp installed a fiber optic ground ("FOG") wire along an existing approximately 277-mile transmission route from Eugene, Oregon, to Siskiyou County, California. PacifiCorp admits that the FOG wire crosses land in Oregon owned by named plaintiffs Greg and Katherine McGuire ("the McGuires"), but PacifiCorp otherwise denies that the FOG wire is located on land in Oregon owned by the class because the class includes former landowners. PacifiCorp admits that the FOG wire runs approximately 192 miles in Oregon.

4. PacifiCorp denies the allegations in paragraph 4.

5. PacifiCorp denies the allegations in paragraph 5.

6. Paragraph 6 does not contain allegations directed toward PacifiCorp and therefore no response is required. To the extent that a response is required, PacifiCorp denies the allegations.

7. PacifiCorp denies the allegations in paragraph 7.

8. PacifiCorp denies the allegations in paragraph 8.

9. PacifiCorp admits that it installed a FOG wire along an existing approximately 277-mile transmission route from Eugene, Oregon, to Siskiyou County, California. Because the phrase "active and continuous relationship is vague when used in this context, PacifiCorp cannot respond to that characterization. PacifiCorp admits the general legal principle that one party should not violate the property rights of another, but PacifiCorp denies that it has done so.

10. Paragraph 10 does not contain allegations directed toward PacifiCorp and therefore no response is required.

11. PacifiCorp denies the allegations in paragraph 11.

12. PacifiCorp denies the allegations in paragraph 12.

13. PacifiCorp denies the allegations in paragraph 13.

14. PacifiCorp denies the allegations in paragraph 14.

15. PacifiCorp admits that plaintiffs served an ORCP 32 H letter on defendants on July 31, 2024. The second sentence of paragraph 15 does not contain allegations directed toward PacifiCorp and therefore no response is required.

## PARTIES

16. PacifiCorp admits the allegations in paragraph 16.

17. The phrase "highly profitable" is vague because it is subjective. PacifiCorp denies the allegations in paragraph 17.

18. Paragraph 18 does not contain allegations directed toward PacifiCorp and therefore no response is required. To the extent that a response is required, PacifiCorp denies the allegations.

19. Paragraph 19 does not contain allegations directed toward PacifiCorp and therefore no response is required.

20. Concerning the first sentence of paragraph 20, PacifiCorp admits on information and belief that the McGuires own real property in Josephine County, Oregon, but is without knowledge as to whether they are residents there. PacifiCorp admits that its FOG wire crosses property owned by the McGuires at the address 681 Jack Creed Road, Grants Pass, Oregon 97526.

21. Paragraph 21 does not contain an allegation directed toward PacifiCorp and therefore no response is required. To the extent that a response is required, PacifiCorp denies the allegations.

## JURISDICTION AND VENUE

22. This United States District Court for the District of Oregon has original jurisdiction over this case. As to the second sentence of paragraph 22, PacifiCorp is without knowledge as to whether the McGuires are citizens and residents of Oregon and therefore denies the second sentence. PacifiCorp admits the last two sentences of paragraph 22.

23. PacifiCorp admits that some of the employees who manage, maintain, and operate the FOG wire work out of PacifiCorp's office in Portland's Lloyd District, but not all of them. PacifiCorp cannot respond to the second sentence of paragraph 23 because it does not identify the practices, policies, and procedures it is referring to, and thus denies the same.

Page 4 –    DEFENDANT PACIFICORP'S ANSWER, DEFENSES, AND COUNTERCLAIM

24. Paragraph 24 does not contain allegations directed toward PacifiCorp and therefore no response is required. If a response is required, PacifiCorp is without information concerning Verizon's practices, policies and procedures and therefore denies paragraph 24.

25. PacifiCorp denies paragraph 25.

26. The allegations in paragraph 26 are a legal conclusion to which no response is required. If a response is required, PacifiCorp denies that venue is proper in Multnomah County under ORS 14.080(1) and (2).

## CLASS ACTION ALLEGATIONS

27. Paragraph 27 does not contain allegations directed toward PacifiCorp and therefore no response is required. PacifiCorp denies that the Court should certify this case as a class action.

28. Paragraph 28 does not contain allegations directed toward PacifiCorp and therefore no response is required.

29. PacifiCorp admits that the class, as defined in paragraph 27, contains more than 100 members. PacifiCorp otherwise denies paragraph 29.

30. The allegations contained in Paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, PacifiCorp denies that any of the questions listed in paragraph 30 indicate class certification is appropriate.

31. Paragraph 31 contains plaintiffs' legal argument and therefore no response is required. To the extent that paragraph 31 contains factual allegations, PacifiCorp denies them.

32. Paragraph 32 contains plaintiffs' legal argument, not factual allegations, and therefore no response is required. To the extent that paragraph 32 contains allegations against PacifiCorp, PacifiCorp denies them.

33. Paragraph 33 contains plaintiffs' legal argument and therefore no response is required.  To the extent a response is required, PacifiCorp responds to paragraph 33 as follows: PacifiCorp denies the first two sentences.  As to the last two sentences, PacifiCorp is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

34. Paragraph 34 contains plaintiffs' legal argument and therefore no response is required.  To the extent paragraph 34 contains allegations of fact, PacifiCorp denies them and denies that class certification is appropriate in this case.

35. Paragraph 35 contains plaintiffs' legal argument and therefore no response is required.  To the extent paragraph 35 contains allegations of fact, other than admitting that PacifiCorp conducts business in Multnomah County, PacifiCorp denies them and denies that venue is appropriate in the Multnomah County Circuit Court.

36. PacifiCorp denies the first sentence in paragraph 36.  Regarding the second sentence of paragraph 36, PacifiCorp admits that it received notice under ORCP 32 H on or about July 31, 2024, by letter of that date.

37. PacifiCorp denies the allegations in Paragraph 37.

38. PacifiCorp denies that plaintiffs are entitled to punitive damages.

## RESPONSE TO FIRST CAUSE OF ACTION

### (Unjust Enrichment)

39. Concerning paragraph 39, PacifiCorp re-alleges its responses to paragraphs 1 through 38.

40. PacifiCorp denies the allegations in paragraph 40.

41. PacifiCorp denies the allegations in paragraph 41.

42. PacifiCorp denies the allegations in paragraph 42.

43. PacifiCorp denies the allegations in paragraph 43.

44. PacifiCorp denies the allegations in paragraph 44.

## RESPONSE TO SECOND CAUSE OF ACTION

### (Trespass)

45. Concerning paragraph 45, PacifiCorp re-alleges its responses to paragraphs 1 through 44.

46. PacifiCorp denies the allegations in paragraph 46.

47. PacifiCorp denies the allegations in paragraph 47.

48. PacifiCorp denies the allegations in paragraph 48.

49. PacifiCorp denies the allegations in paragraph 49.

50. PacifiCorp denies the allegations in paragraph 50.

## RESPONSE TO THIRD CAUSE OF ACTION

### (Breach of Contract – Against PacifiCorp Only)

51. Concerning paragraph 51, PacifiCorp re-alleges its responses to paragraphs 1 through 50.

52. PacifiCorp admits that it has the right to transmit electricity across the McGuires' property and across the other properties under the FOG wire. PacifiCorp otherwise denies the allegations in paragraph 52.

53. Concerning paragraph 53, PacifiCorp agrees that the McGuires' easement is valid and enforceable. PacifiCorp is without knowledge of whether plaintiffs and all of the hundreds and possibly thousands of unknown putative class members have fully performed, complied with, and/or satisfied all obligations, terms, and conditions of their individual contractual relationships with PacifiCorp and therefore denies the same.

54. PacifiCorp denies the allegations in paragraph 54.

Page 7 –    DEFENDANT PACIFICORP'S ANSWER, DEFENSES, AND COUNTERCLAIM

55. PacifiCorp denies the allegations in paragraph 55.

56. PacifiCorp denies the allegations in paragraph 56.

57. PacifiCorp denies the allegations in paragraph 57.

## RESPONSE TO FOURTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing –

### Against PacifiCorp Only)

58. Concerning paragraph 58, PacifiCorp re-alleges its responses to paragraphs 1 through 57.

59. PacifiCorp admits that the implied covenant of good faith and fair dealing applies to easements. PacifiCorp otherwise denies the allegations in paragraph 59.

60. PacifiCorp denies the allegations in paragraph 60.

61. PacifiCorp denies the allegations in paragraph 61.

62. PacifiCorp denies the allegations in paragraph 62.

63. PacifiCorp denies the allegations in paragraph 63.

## RESPONSE TO FIFTH CAUSE OF ACTION

### (Injunction and Equitable Relief)

64. Concerning paragraph 64, PacifiCorp re-alleges its responses to paragraphs 1 through 63.

65. PacifiCorp denies the allegations in paragraph 65.

66. PacifiCorp denies the allegations in paragraph 66.

## PLAINTIFFS' DEMAND FOR A JURY TRIAL

67. Plaintiffs are not entitled to a jury trial on their equitable claims.

## PACIFICORP'S DEFENSES

For further answer and by way of defenses, and without accepting any burden of proof that would otherwise rest with plaintiff, PacifiCorp alleges:

### FIRST DEFENSE

### (Failure to State a Claim)

68. The Class Action Complaint and each purported cause of action therein should be dismissed because they fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (Lack of Standing)

69. Plaintiffs' and putative class members' claims on behalf of former owners should be dismissed because former owners lack standing to seek injunctive relief.

## PACIFICORP'S AFFIRMATIVE DEFENSES

For further answer and by way of affirmative defenses, and without accepting any burden of proof that would otherwise rest with plaintiff, PacifiCorp alleges:

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

70. Plaintiffs' and putative class members' claims must be dismissed because they are barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

71. Plaintiffs' and putative class members' equitable claims must be dismissed because they are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Consent)

72. Plaintiffs' and putative class members' claims should be dismissed because plaintiffs, or some members of the putative class, consented to PacifiCorp's alleged activities.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Acquiescence)

Plaintiffs, or some or all of the members of the putative class, have relinquished or waived any rights to assert these claims after indicating to PacifiCorp that they did not object to and/or acquiesced and/or consented to the conduct about which they now complain.

### FIFTH AFFIRMATIVE DEFENSE

### (License/Authority)

73. PacifiCorp's alleged activities were privileged or otherwise authorized by law.

### SIXTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

74. Plaintiffs' and putative class members' equitable claims should be dismissed because they are barred by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

75. Plaintiffs' and putative class members' equitable claims for relief should be dismissed because they are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### (Notice)

76. Plaintiffs' and putative class members' equitable claims should be dismissed because plaintiffs and/or some or all of the members of the putative class knew or should have known of the facts alleged in the Class Action Complaint.

### NINTH AFFIRMATIVE DEFENSE

### (Prescriptive Easement for FOG Wire)

77. The FOG wire is open, notorious, and adverse to plaintiffs' use of the property, and has been such for at least 10 years. To the extent that PacifiCorp does not have an express easement for installing the FOG wire over any particular property, it has a prescriptive easement for that, which includes all uses.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Ultimate Repose)

78. Plaintiffs' and putative class members' claims must be dismissed because they are barred by the applicable statutes of ultimate repose.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

79. Plaintiffs and putative class members are barred from relief, in whole or in part, to the extent it results in an unjust enrichment to plaintiffs and/or any person on whose behalf relief is sought.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

### (Prescriptive Easement for FOG Wire)

80. The FOG wire is open, notorious, and adverse to plaintiffs' use of the property, and has been such for at least 10 years. To the extent that PacifiCorp does not have an express easement for installing the FOG wire over any particular property, it has a prescriptive easement for that, which includes all uses, and PacifiCorp seeks as relief a declaration so stating.

### PRAYER FOR RELIEF

WHEREFORE, PacifiCorp respectfully requests that this Court enter an order of judgment:

A. In favor of PacifiCorp on its counterclaim and against plaintiffs on all their claims for relief;

B. Dismissing all plaintiffs' claims for relief with prejudice;

C. Dismissing all plaintiffs' requests for attorney fees, costs, and disbursements; and

D. Awarding PacifiCorp declaratory relief and such other relief as the Court deems just and proper and to which PacifiCorp is entitled under the law.

DATED: May 28, 2025.    MARKOWITZ HERBOLD PC

*s/ Dallas DeLuca*
Dallas DeLuca, OSB #072992
DallasDeLuca@MarkowitzHerbold.com
Jeffrey S. Lovinger, OSB #960147
JeffreyLovinger@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com
*Attorneys for Defendant PacifiCorp*

2309554.3